Filed 5/2/22  In re J.L. CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.L., et al., Persons Coming Under the Juvenile Court Law.<br><br>ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>S.V. and T.L.,<br><br>    Defendants and Appellants. | G060660<br><br>(Super. Ct. No. 21DP0581-583)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Antony C. Ufland, Judge.  Reversed and remanded.

Richard L. Knight, under appointment by the Court of Appeal, for Defendant and Appellant S.V.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant T.L.

Leon J. Page, County Counsel, Karen L. Christensen and Deborah B. Morse, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the minors.

\*          \*          \*

Parents S.V. (Mother) and T.L. (Father) appeal from the juvenile court's jurisdiction and disposition orders concerning their three children J.L., T.L., Jr. (Jr.), and B.L.  Both parents contend the Orange County Social Services Agency (SSA) and the juvenile court failed to comply with their respective duties under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and related California law (Welf. & Inst. Code, § 224 et seq.).[1]  We agree.  We conditionally reverse the court's orders and remand for compliance with ICWA.

## FACTS[2]

On May 23, 2021, the police were called regarding a domestic argument at the home where Mother and Father lived with their three children.  SSA subsequently initiated an investigation into the children's well-being and interviewed both parents.  SSA applied to the juvenile court for a protective custody warrant for the children and in its application stated both parents "denied ICWA."

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]     Our summary of the facts is limited to those needed for resolution of the ICWA issues raised on appeal and to provide relevant context.

A few days later, SSA filed a juvenile dependency petition (§ 300) concerning all three children and a detention report. Both documents indicated a social worker had asked Mother and Father about the children's Indian status and the parents had denied Indian heritage.[3]

At the detention hearing, Mother and Father each filed a Parental Notification of Indian Status Judicial Council form ICWA-020. On her form, Mother indicated she had no Indian ancestry as far as she knew. On his form, Father indicated he may be a member or eligible for membership in a federally recognized Indian tribe but he did not list a tribe or band affiliation in the space provided. The juvenile court noted the omission of the tribe name on the form and asked Father's counsel which tribe Father might belong to. Counsel stated Father did not know the name of the tribe but the paternal great-grandmother might have that information. The court found ICWA may apply and instructed SSA to continue to investigate with Father and his relatives regarding any possible Indian heritage. The court also instructed Father to provide any information he subsequently received to his social worker.

The children were detained by the juvenile court and placed with relatives. Initially, B.L. and J.L. were placed with their maternal aunt; Jr. was placed with his maternal grandmother. About a month later, the children were placed with a foster family.

SSA filed its jurisdiction and disposition report in July 2021. The report stated both parents had denied any Indian heritage when initially interviewed by a social worker. The report did not otherwise address ICWA or detail any inquiries conducted by SSA concerning the children's potential Indian heritage.

---

[3]     Because ICWA and related California statutes use the term "Indian," we do the same for consistency, but we acknowledge other terms are often preferred. (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1 (*Benjamin*).)

A contested jurisdiction and disposition hearing was held in August 2021. At the hearing, there was no discussion of ICWA, and the juvenile court made no findings concerning its application to the proceedings. The court sustained allegations under section 300 and declared the children dependents of the court (§ 360, subd. (d)). The juvenile court ordered reunification services for the parents and calendared a six-month review hearing.

DISCUSSION

Both parents contend SSA and the juvenile court failed to comply with their duties of inquiry under ICWA and related state law. Each parent identifies a different failure.[4] Mother argues SSA failed to fulfill its duty of initial inquiry under section 224.2, subdivision (b), because it did not ask her extended family members whether the children may have Indian heritage. Father argues SSA failed to fulfill its duty of further inquiry under section 224.2, subdivision (e)(1), after he provided them reason to believe the children were Indian children. Both assert the juvenile court failed to ensure the appropriate inquiries were conducted and any implied finding ICWA does not apply in this matter is not supported by substantial evidence. We agree. The record shows neither SSA nor the juvenile court complied with their respective duties. Accordingly, we must conditionally reverse the court's jurisdiction and disposition orders and remand for the juvenile court and SSA to comply with these laws.[5]

---

[4]      Each parent also joins in the arguments contained in the other's briefs to the extent they are beneficial. (Cal. Rules of Court, rule 8.200(a)(5).)

[5]      After Mother and Father filed their opening briefs, SSA filed (1) a request for judicial notice or alternatively a motion to take additional evidence, and (2) a motion to dismiss the appeal as moot. With its request for judicial notice, SSA presented two juvenile court orders filed in December 2021. These orders reflect that the juvenile court found ICWA does not apply in this case based on reports submitted by SSA detailing its efforts to conduct the ICWA inquiries. SSA acknowledges it had not completed its ICWA inquiry prior to the disposition hearing but asserts its subsequent actions and the

4

*Standard of Review*

"'[W]here the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied.' [Citations.] However, 'we review the juvenile court's ICWA findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order. [Citations.] We must uphold the court's orders and findings if any substantial evidence, contradicted or uncontradicted, supports them, and we resolve all conflicts in favor of affirmance.' [Citations.] The appellant . . . has the burden to show the evidence was not sufficient to support the ICWA finding. [Citation.]" (*In re D.F.* (2020) 55 Cal.App.5th 558, 565 (*D.F.*).)

*ICWA Inquiry and Notice Requirements*

"ICWA reflects 'a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court . . . must follow before removing an Indian child from his or her family.' [Citation.] Both ICWA and the Welfare and Institutions Code define an 'Indian child' as 'any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.'" (*D.F., supra*, 55 Cal.App.5th at p. 565, fn. omitted.) Due to historic noncompliance with ICWA, the state Legislature incorporated ICWA's requirements into California statutory law in 2006. (*Id*. at p. 565, fn. 4.) Following changes in 2016 to the federal regulations concerning ICWA, California made conforming amendments to its statutes, effective in 2019. (*In re D.S.*

juvenile court's findings resolve the parents' claims and render their appeals moot. We disagree. SSA's subsequent actions and the juvenile court's findings are not dispositive of Mother and Father's appellate claims, and therefore, we deny SSA's request for judicial notice and its motion to dismiss.

5

(2020) 46 Cal.App.5th 1041, 1048 (*D.S.*).) Section 224.2 now "creates three distinct duties regarding ICWA in dependency proceedings." (*D.S., supra.,* at p. 1052.) Each duty is sequentially triggered by different specific factual circumstances. (*In re J.S.* (2021) 62 Cal.App.5th 678, 688; *D.F., supra*, 55 Cal.App.5th at p. 566.)

First is the initial duty to inquire. (§ 224.2, subd. (a).) This duty arises at the outset, when SSA receives a report of child abuse or neglect and initiates an investigation. (*Ibid.*) At this stage, SSA must ask "the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child." (*Ibid.*) But the duty to inquire does not end there. The court and SSA have "an affirmative and continuing duty to inquire" whether a child, who is subject to a dependency petition, "is or may be an Indian child." (*Ibid.*)

If a child is placed in temporary custody, SSA "has a duty to inquire whether that child is an Indian child." (§ 224.2, subd. (b).) This "[i]nquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, [and] others who have an interest in the child, . . . whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (*Ibid.*)

An initial duty of inquiry is similarly imposed on the juvenile court. At each parent's first court appearance, the court must: (1) ask whether the parent "knows or has reason to know that the child is an Indian child" (§ 224.2, subd. (c)); (2) order each parent to complete Parental Notification of Indian Status Judicial Council form ICWA-020 (Cal. Rules of Court, rule 5.481(a)(2)(C)); and (3) direct the parties to inform the court if they thereafter learn information that provides reason to know the child is an Indian child (§ 224.2, subd. (c)).

Next, a duty of further inquiry arises when SSA or the juvenile court has "reason to believe" the proceedings involve an Indian child but "does not have sufficient information to determine that there is reason to know that the child is an Indian child." (§ 224.2, subd. (e).)  As recently clarified by the Legislature, a "reason to believe" exists when the court or SSA "has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe." (*Id.*, subd. (e)(1).)  If there is a reason to believe an Indian child is involved, the court or SSA "shall make further inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable." (*Id.*, subd. (e); *In re Y.W.* (2021) 70 Cal.App.5th 542, 552 (*Y.W.*).)

The further inquiry required includes, without limitation, the following: (1) interviewing the parents and extended family members to gather specified information (§ 224.2, subd. (e)(2)(A)); (2) "[c]ontacting the Bureau of Indian Affairs and the State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership in" (*id.*, subd. (e)(2)(B)); and (3) contacting the tribe or tribes reasonably expected to have information to determine the child's membership status or eligibility (*id.*, subd. (e)(2)(C)).

The final duty component arises when the court or SSA has "reason to know" the child is an Indian child. (*D.F., supra*, 55 Cal.App.5th at p. 567.)  A "reason to know" exists if one of the following circumstances is present: "(1) A person having an interest in the child . . . informs the court that the child is an Indian child; [¶] (2) The residence . . . of the child [or] the child's parents . . . is on a reservation or in an Alaska Native village; [¶] (3) Any participant in the proceeding . . . informs the court that it has discovered information indicating that the child is an Indian child; [¶] (4) The child . . . gives the court reason to know that the child is an Indian child; [¶] (5) The court is informed that the child is or has been a ward of a tribal court; [or] [¶] (6) The court is

7

informed that either parent or the child possess[es] an identification card indicating membership or citizenship in an Indian tribe." (§ 224.2, subd. (d).)

"Once [SSA] or the juvenile court has a reason to know an Indian child is involved, notice pursuant to ICWA must be sent to the pertinent tribe(s) via registered or certified mail. . . . [¶] It is this 'notice requirement, which . . . enables a tribe to determine whether the child is an Indian child and, if so, whether to intervene in or exercise jurisdiction over the proceeding.'" *(D.F., supra*, 55 Cal.App.5th at p. 568, italics omitted.)

"'"The juvenile court must determine whether proper notice was given under ICWA and whether ICWA applies to the proceedings."'" [Citation.]" (*Y.W., supra*, 70 Cal.App.5th at p. 552.) "If the court makes a finding that proper and adequate further inquiry and due diligence as required in [section 224.2] have been conducted and there is no reason to know whether the child is an Indian child, the court may make a finding that [ICWA] does not apply to the proceedings, subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).)

*Analysis*

*Initial Inquiry into Mother's Possible Indian Ancestry*

Mother argues SSA's initial inquiry was deficient because the agency failed to inquire of her extended family members whether they had knowledge of family lineage indicating the children may have Indian heritage or membership. We agree.

The record indicates Mother was the only person SSA questioned concerning the children's possible Indian ancestry through their maternal line. SSA asserts because Mother denied Indian heritage when questioned by SSA and on her Judicial Council form filed in the juvenile court, it had no duty to make any additional inquiries concerning the children's potential maternal Indian heritage. Not so.

8

SSA's duty of initial inquiry did not end simply because Mother disclaimed any Indian ancestry at the beginning of the dependency proceedings. Under section 224.2, subdivision (b), SSA had a duty to interview maternal "extended family members" as defined by ICWA and others who had an interest in the children to determine whether the children may qualify as Indian children.[6] (See *Y.W., supra*, 70 Cal.App.5th at pp. 553-554.) "[T]he burden of coming forward with information to determine whether an Indian child may be involved . . . does not rest entirely — or even primarily — on the child and his or her family. Juvenile courts and child protective agencies have 'an affirmative and continuing duty to inquire' whether a dependent child is or may be an Indian child. [Citations.]" (*In re Michael V.* (2016) 3 Cal.App.5th 225, 233.) Because Mother herself may have been unaware of her Indian ancestry, adequate investigation of extended family members was essential. (*Y.W., supra*, 70 Cal.App.5th at pp. 553-554; see *Benjamin, supra*, 70 Cal.App.5th at p. 744 [child protective agency "failed its duty of inquiry by not asking 'extended family members'" whether child had Indian ancestry on paternal side]; *In re S.R.* (2021) 64 Cal.App.5th 303, 314-315 [child protective agency had duty to inquire of "all relevant individuals" including interviewing "extended family members"].)

Here, SSA could have easily questioned the children's maternal grandmother and aunt and obtained potentially meaningful information concerning the family's Indian ancestry. The children were initially placed with these family members and SSA had contact with them on multiple occasions from the time the children were detained until the jurisdiction and disposition hearing. However, it appears SSA never

---

[6]  ICWA provides an "'extended family member' shall be as defined by the law or custom of the Indian child's tribe or, in the absence of such law or custom, shall be a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2).)

asked them about the children's possible Indian ancestry on the maternal side of the family.[7] Thus, SSA failed to satisfy its duty of inquiry under section 224.2, subdivision (b).

SSA asserts even if it erred by failing to inquire of maternal extended family members during the initial ICWA inquiry, Mother's claim should be rejected nevertheless because she has not made a "good-faith claim" on appeal that the children have Indian heritage and she cannot show prejudice. While this argument has some support (see *In re Austin J.* (2020) 47 Cal.App.5th 870, 888 (*Austin*)), we believe California law clearly imposes upon SSA a duty to inquire of the children's extended family members and others who have an interest in the children as to whether the children have Indian ancestry. (§ 224.2, subd. (b); Cal. Rules of Court, rule 5.481(a)(1); see *Y.W., supra*, 70 Cal.App.5th at pp. 553-554 [concluding *Austin's* holding is inconsistent with § 224.2, subds. (a), (b)].) "A parent . . . does not need to assert he or she has Indian ancestry to show a child protective agency's failure to make an appropriate inquiry under ICWA and related law is prejudicial." (*Y.W., supra*, 70 Cal.App.5th at p. 556; accord, *In re A.R.* (2022) __Cal.App.5th__ [2022 Cal.App.Lexis 291] [failure to conduct required ICWA inquiry constitutes miscarriage of justice].)

SSA's failure to conduct an adequate inquiry into the children's possible Indian heritage makes it impossible for Mother to demonstrate prejudice. (See *Y.W., supra*, 70 Cal.App.5th at p. 556 [error prejudicial where child protective agency failed to conduct adequate initial inquiry]; *In re H.V.* (2022) 75 Cal.App.5th 433, 438 [where record demonstrates child protective agency failed to discharges its initial inquiry duty, court concluded error was prejudicial and reversible absent showing by mother]; *Benjamin, supra*, 70 Cal.App.5th at p. 744 [reversal required where agency failed its duty of initial inquiry and record indicates "there was readily obtainable information that was

---

[7]    Our record does not indicate whether SSA had contact information for other maternal extended family members.

10

likely to bear meaningfully upon whether the child is an Indian child"].)  Thus, SSA's failure to conduct an adequate initial inquiry is prejudicial and reversible error.

*Further Inquiry of Father's Claim the Children may be Indian Children*

SSA and the juvenile court have a duty of further inquiry under section 224.2, subdivision (e), because they have reason to believe the children may be Indian children based on Father's ICWA claim at the detention hearing.  Father argues SSA failed to fulfill its duty of further inquiry prior to the children being removed at the disposition hearing.  SSA concedes it failed to complete the further inquiry process prior to the disposition hearing, and we accept this concession.

Father's claim of possible Indian heritage "provided reason to believe Indian children might be involved in these dependency proceedings and triggered [SSA's] duty to make further inquiry, as mandated by section 224.2, subdivision (e), and [California Rules of Court,] rule 5.481(a)(4)."  (*In re T.G.* (2020) 58 Cal.App.5th 275, 292.)  However, prior to the disposition hearing, SSA failed to submit information to the juvenile court reflecting any further inquiry concerning the children's status under ICWA.  Indeed, SSA's jurisdiction and disposition report omitted the fact that Father had claimed possible Indian heritage at the detention hearing; the report instead stated both parents had denied Indian heritage when initially interviewed by a social worker. Thus, SSA failed to satisfy its duty of further inquiry under section 224.2, subdivision (e).

*Juvenile Court's Failure to Comply with ICWA and Related State Law*

The juvenile court, for its part, had a responsibility to ascertain whether SSA had conducted an adequate investigation into the children's possible Indian ancestry, and the court failed to fulfill this duty.  (*In re K.R.* (2018) 20 Cal.App.5th 701, 709; *Y.W., supra*, 70 Cal.App.5th at p. 555.)  Prior to declaring the children dependent and removing

11

them from their parents' custody at the jurisdiction and disposition hearing, the court made no inquiries or findings regarding ICWA. This was error.

"In the absence of an appellate record affirmatively showing the court's and the agency's efforts to comply with ICWA's inquiry and notice requirements, we will not, as a general rule, conclude that substantial evidence supports the court's finding that proper and adequate ICWA notices were given or that ICWA did not apply. Instead, as a general rule, we will find the [parents'] claims of ICWA error prejudicial and reversible." (*In re N.G.* (2018) 27 Cal.App.5th 474, 484.) This is consistent with ICWA's mandate that as a prerequisite to concluding ICWA does not apply, a court must find "proper and adequate further inquiry and due diligence . . . [has] been conducted and there is no reason to know whether the child is an Indian child." (§ 224.2, subd. (i)(2).)

"'Noncompliance with ICWA has been a continuing problem in juvenile dependency proceedings conducted in this state, and, by not adhering to this legal requirement, we do a disservice to those vulnerable minors whose welfare we are statutorily mandated to protect.'" (*In re A.G.* (2012) 204 Cal.App.4th 1390, 1401.) Because SSA failed to perform its duty of initial inquiry concerning the children's possible maternal Indian ancestry (§ 224.2, subd. (b)) and failed to perform its duty of further inquiry concerning their possible paternal Indian ancestry (*id.*, subd. (e)), we must remand the matter to the juvenile court for further proceedings on this issue.

On remand, the juvenile court must direct SSA to promptly comply with ICWA and state law as follows:

(1) SSA shall conduct an inquiry investigation into the children's Indian ancestry, including making diligent efforts to interview the children's maternal extended family members as defined by section 224.1, subdivision (c), and 25 U.S.C. section 1903(2), for the purpose of obtaining information required for ICWA notice compliance. (§ 224.2; Cal. Rules of Court, rule 5.481.)

12

(2)  If that initial inquiry gives SSA reason to believe the children are Indian children through their maternal ancestry, then as soon as practicable, it shall make further inquiry regarding the children's possible Indian status.  (§ 224.2, subd. (e).)

(3)  In conducting its further inquiry as to the children's potential Indian heritage on Father's side, SSA must interview Father and paternal extended family members to gather the information required for ICWA notice compliance.  (§ 224.2, subd. (e)(2)(A).)  This includes obtaining *complete identifying information* for the children's great-grandmother, whom Father believed may have been eligible for membership in a federally recognized tribe, as this information is critical for the tribes to determine whether the children are Indian children.  (§ 224.3; *In re N.G., supra*, 27 Cal.App.5th at p. 482.)  After obtaining the requisite information from the paternal family members, SSA shall contact "the Bureau of Indian Affairs and the State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership in" (§ 224.2, subd. (e)(2)(B)), and contact the tribe or tribes reasonably expected to have information to determine the children's membership status or eligibility (*id*., subd. (e)(2)(C)).

(4) SSA must document its investigation and in its filings in the juvenile court, provide a detailed description of all inquiries undertaken.  (Cal. Rules of Court, rule 5.481(a)(5).)

(5) The juvenile court must determine on the record whether the ICWA inquiry and notice requirements, if applicable, have been satisfied and whether evidence establishes the children are Indian children.  If the juvenile court determines ICWA does not apply, its jurisdiction and disposition orders shall be immediately reinstated.  If the requisite inquiry results in notification from a tribe or the Bureau of Indian Affairs the children are Indian children, the court must conduct a new disposition hearing, as well as all further proceedings, in compliance with ICWA and related California law.

## DISPOSITION

SSA's request for judicial notice and motion to dismiss are denied. The juvenile court's jurisdiction and disposition orders are conditionally reversed, and the matter is remanded with directions to the juvenile court to direct SSA to comply with the inquiry and notice provisions of ICWA consistent with this opinion. If after proper inquiry and notice it is determined ICWA does not apply, the court's orders shall be reinstated.


MARKS, J.*

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.